IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Talisman Designs LLC.,**<br><br>**Plaintiff,**<br>v.<br>**DASANI,** *et al.,*<br><br>**Defendants.** | Case No. 1:20-cv-01084<br><br>Judge Arthur J. Schwab |

### DEFENDANTS' MOTION TO SET ASIDE
### ENTRY OF DEFAULT PURSUANT TO RULE 55(c)

Defendants, AA Fashion, Cemic, funarrow, LEEaccessory, Light-Ren, QinAi, Sanmubo Trade, Sundlight, and Urnanal, through counsel, Glacier Law PLLC, respectfully move this Honorable Court to set aside the default entered by the Clerk of Court on August 28, 2020.

### PROCEDUAL AND FACTUAL HISOTRY

Plaintiff initiated this action by filing a Complaint on July 20, 2020. Compl. Dkt. 1. Order granting alternative service was granted on July 22, 2020. Order Granting Alt. Serv., Dkt. 19. Tianyu Law Group PLLC was initially retained by Defendants and this representation was acknowledged by Plaintiff's counsel on July 30, 2020. Decl. of Tianyu Ju ¶5; Email, pp. 1. Exh. 1. Further negotiation between the two sides continued until mid-August. *Id*. at pp. 7-13. Exh. 1. On August 20, 2020, Plaintiff filed a Request for Entry of Default pursuant to Federal Rule of Civil Procedure 55(a) along with a certificate of service. Request for Entry of Default, Dkt. 38. Defendants' counsel, Tianyu Law Group PLLC., was neither served with this Request for Entry of Default, nor was notified by Plaintiff. Decl. of Tianyu Ju ¶11; Email, Exh. 1.

Tianyu Law Group PLLC and Glacier Law PLLC is going through a process of merger. On August 25, 2020, Defendants' counsel (now under the name of Glacier Law PLLC) informed Plaintiff's counsel about the change by resuming negotiation. Decl. of Tianyu Ju ¶8; Email, pp. 6. Exh. 1. This new representation was also acknowledged by Plaintiff's counsel. *Id*. at ¶8; Email, pp. 5. Exh. 1.On August 28, 2020, the Clerk of Court entered the Default. Clerk's Entry of Default, Dkt. 40. On September 2, 2020, Defendants' counsel was, for the first time, informed by the Plaintiff's counsel about the Default. Decl. of Tianyu Ju ¶10, Email, pp. 1. Exh. 1. Immediately, upon receiving the notice of Default, Defendants, through counsel, hereby moves this honorable court to set aside the entry of default. Furthermore, after diligent investigation, Defendants' counsel discovered that LEEaccessory did not receive any email from Plaintiff regarding request for entry of default or Clerk's entry of default. Email, Exh. 3. More importantly, the rest of eight Defendants were contacted by Plaintiff's counsel on August 20, 2020 and August 31, 2020 without consent or acknowledgement from Defendants' counsel. Decl. of Tianyu Ju ¶13, Email, Exh. 2.

## ARGUMENT

Federal Rule of Civil Procedure 55(a) governs the entry of Default. Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(c) governs setting aside a default and states that "[f]or good cause shown the court may set aside an entry of default…" Fed. R. Civ. P. 55(c).

**A.**     **Entry of Default Should be Vacated Since Service of Request for Default was Improper under Rule 5 and Pa. Code §4.2.**

Federal Rule of Civil Procedure 5(a) provides a list of papers that must be served on every party, including "a written motion, except one that may be heard ex parte; a written notice, appearance, demand, or offer of judgment, or any similar paper." Fed. R. Civ. P. 5(a)(1)(D), (E). Federal Rule of Civil Procedure 5(b) governs the ways to serve pleadings and states that "[if] a

2

party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1). Moreover, pursuant to Rules of Professional Conduct - Communication with Person Represented by Counsel, "a lawyer shall not communicate about the subject of the representation with a person that lawyer know to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer…" 204 Pa. Code §4.2.

Request for entry of default and Clerk's entry of default are considered papers that must be served listed under Federal Rule of Civil Procedure 5(a). Moreover, Federal Rule of Civil Procedure 5(b) provides that service of request for entry of default and Clerk's entry of default shall be made on the party's attorney. In this present case, Defendant LEEaccessory was not served by Plaintiff regarding request for entry of default or Clerk's entry of default. Email, Exh. 3. Moreover, Plaintiff has never served the request for entry of default or Clerk's entry of default to Defendants' attorney. Decl. of Tianyu Ju ¶11; Email, Exh. 1. As such, Plaintiff failed to comply with Federal Rule of Civil Procedure 5 while making the request for entry of default, therefore, Clerk's entry of default should be set aside.

Furthermore, acknowledging that Defendants were represented by counsel as early as on July 31, 2020, Plaintiff's counsel did not serve or forward either the request for entry of default or Clerk's entry of default to Defendant's counsel, but directly to Defendants without consent or acknowledgement from Defendants' counsel. Decl. of Tianyu Ju ¶13; Email, Exh. 1; Email Exh. 2. Therefore, the service of the request not only violated Rule (5), but also violated the relevant rule of professional conduct, 204 Pa. Code §4.2.

Without proper service of the request for entry of default and Clerk's entry of default, this Court should set aside default and allow Defendants to file pleadings accordingly.

**B.     A Court May Set Aside an Entry of Default for Good Cause Shown under Fed. R. Civ. P. 55 (c).**

A district court may grant a motion to set aside the judgment for "good cause" pursuant to Rules 55(c). *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 Fed. Appx. 136, 139, (3rd Cir. 2017). The Third Circuit has emphasized that because entry of default or entry of a default judgment is an "extreme sanction," the entry of such a default or judgment is generally disfavored. *See Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984), *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). The Third Circuit has held that a court must consider four factors when it determines whether to vacate an entry of default or default judgment: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

**1.     Setting Aside the Default Will Not Prejudice the Plaintiff**

Prejudice exists when "plaintiff's claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." *Green v. Ferdarko*, 2017 U.S. Dist. LEXIS 6166 at *4; *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 147-48 (E.D. Pa. 2001).

Here, Plaintiff's ability to present evidence at trial will not be prejudiced by a decision to set aside default. To the contrary, setting aside the default will allow Plaintiff to present evidence at trial. In addition, the Preliminary Injunction issued by the Court on August 3, 2020 is still in effect. Preliminary Injunction Order, Dkt. 34. Defendant's fund and online store front will remain frozen. Defendant could not withdraw funds, operate its online stores, or otherwise cause further damages to Plaintiff. Therefore, setting aside the default would not prejudice Plaintiff.

## 2. Defendants Have Meritorious Defenses

Federal Rule of Civil Procedure 55 does not require the defaulting party to prove beyond a shadow of a doubt that they will win at trial, but merely to show that they have a defense to the action which at least has merit on its face. *Dizzley*, 202 F.R.D. 146, 148; *Emcasco*, 834 F.2d 71, 74 (3d Cir. 1987).

Based on evidence, Defendants have the following defenses: i) The Western District Court of Pennsylvania Lacks Personal Jurisdiction over Defendants; ii) First Sale Defense.

### i. The Western District Court of Pennsylvania Lacks Personal Jurisdiction

#### a. Defendants Did Not Purposefully Avail Themselves to the State of Pennsylvania

Generally, a court may not exercise jurisdiction over a non-residence defendant unless the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 877 (2011) (*citing Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958)). "The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *J. Mcintyre*, 564 U.S. at 882 (*citing Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102 (1987)). And Defendants' prediction that its goods will reach the forum State is not enough to meet the purposeful availment standard. *Id.*

Here, in Defendants' Declarations, Defendants affirm that they have never made any contact with the State of Pennsylvania. Decl. of Yang ¶5-14; Decl. of X. Zhang ¶5-14; Decl. of Li ¶5-14; Decl. of Ren ¶5-14; Decl. of Y. Zhang ¶5-14; Decl. of Lei ¶5-14; Decl. of Huang ¶5-14; Decl. of Zhao ¶5-14; Decl. of Gao ¶5-14. Moreover, they never advertised or marketed their products to the State of Pennsylvania. *Id*. Naturally, Defendants' online store fronts aim at

operating and conducting business worldwide. Defendants did not purposefully direct any sale or advertising towards the State of Pennsylvania. *Id*. Therefore, Defendants did not purposefully avail themselves to this forum state.

### b. *Unreasonable to Exercise Personal Jurisdiction*

Even if the defendant has purposefully engaged in forum activities, the court may decline to exercise personal jurisdiction when it's unreasonable and exercising personal jurisdiction would offend the traditional notions of fair play. *See Asahi* 480 U.S. 113 (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The Supreme Court determines the reasonableness of the exercise of jurisdiction based on the following factors: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. *Id.,* at 113.

Here, Defendants reside in China. Decl. of Yang ¶4; Decl. of X. Zhang ¶4; Decl. of Li ¶4; Decl. of Ren ¶4; Decl. of Y. Zhang ¶4; Decl. of Lei ¶4; Decl. of Huang ¶4; Decl. of Zhao ¶4; Decl. of Gao ¶4. Defendants purchased the alleged infringing products in China. *Id*. at ¶16. Most of the relevant documents, witness and evidence are in China. Exercising personal jurisdiction over Defendants impose great burden to Defendant since Defendants cannot easily travel to the United States or provide relevant witnesses and evidences. The forum state has a low interest in adjudicating the case because Defendants made no contact with the forum state and directed no business to the forum state. In addition, adjudicating this case would takes significant legal resources from this Court.

Plaintiff may have interest in obtaining relief from this court, but even if Plaintiff prevails, it would be hard to enforce the judgment because most of Defendants' assets are in China. The most efficient resolution is to have this matter litigated in China where not only most of the relevant evidence but also Defendants' assets resides.

Therefore, it is unreasonable to excise personal jurisdiction over Defendants.

### ii.    First Sale Defense Applies If The Alleged Infringing Product Is Not Counterfeit

As a general rule, trademark law does not reach the sale of genuine goods bearing a true mark even though the mark owner does not authorize the sale. Thus, a distributor who resells trademarked goods without change is not liable for trademark infringement. *Polymer Technology Corp. v. Mimran,* 975 F.2d 58, 61 (2d Cir. 1992). When trademarked goods are materially different from the goods that the trademark is known to represent, the infringer cannot use the first sale doctrine as a defense.

It is probable that the alleged infringing Bacon Bin products are genuine products. Especially when the products are substantially similar. Compl. ¶ 49, Dkt. 1. Thus, the alleged infringing products might be genuine Bacon Bin products, instead of counterfeit.

### 3. Defendants' Conduct is Excusable

The third factor to consider is whether Defendants' conduct was excusable or culpable. "[C]ulpable conduct means action taken willfully or in bad faith." *Gross v. Stereo Component Sys. Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983). Similar to the defense counsel in *Gross*, here, Defendants' counsel was actively attempting to contact Plaintiff throughout the period during which the time to answer was expiring and default was being entered. *Id*. at 124. The record of email correspondences attached hereto as Exhibit 1 in support of this motion to set aside default shows that "no willfulness is mirrored" *Id*., *See Donnelly v. Johns-Manville Sales*

*Corp.*, 677 F.2d at 343.

Further, the motion to set aside the default is timely and made within a reasonable period of time from when the party learned of the entry of default. Fed. R. Civ. P. 55(c); *Jackson v. Delaware County*, 211 F.R.D. 282 (E.D. Pa. 2002). The promptness with which a defendant acts after discovering the default is relevant to whether a motion to set aside a default should be granted. *Elias v. Pitucci*, 13 F.R.D. 500 (E.D. Pa. 1952); *see also General Contracting and Trading Co. v. Interpole, Inc.*, 899 F.2d 109 (1st Cir. 1990) (denying Motion to Set Aside Default because defendant waited three and one-half months before requesting relief).

All Defendants are residents of China and have understandable difficulty in understanding the American legal procedures. After Defendants were informed of the entry of default by their counsel on September 2, 2020, appearances were entered subsequently on September 3, 2020 and September 4, 2020. Decl. of Yang ¶17; Decl. of X. Zhang ¶17; Decl. of Li ¶17; Decl. of Ren ¶17; Decl. of Y. Zhang ¶17; Decl. of Lei ¶17; Decl. of Huang ¶17; Decl. of Zhao ¶17; Decl. of Gao ¶17; Notice of Appearance, Dkt. 41-42. On September 3, 2020, after the diligent investigation, Defendants discovered that with the knowledge that Defendants were represented by counsel, Plaintiff nevertheless served the request for entry of default and Clerk's entry of default directly to Defendants. Email Exh. 2. In addition, Defendant LEEaccessory did not receive the request for entry of default and Clerk's entry of default. Email Exh. 3. If any of Defendants' conduct was to be inexcusable, it was caused by Plaintiff's unprofessional conduct. Under these circumstances, Defendants acted in good faith to retain legal counsel and Defendants counsel actively attempt to contact Plaintiff, as a result, Defendants' conduct is excusable.

4. **The Effectiveness of Alternative Sanctions**

Default is a harsh sanction and that lesser sanctions may adequately deter bad conduct while allowing cases to be decided on their merits. *Nat'l Specialty Ins. Co. v. Papa*, 2012 U.S. Dist. LEXIS 34047 *6 (D.N.J Mar. 14, 2012) (citing *Emcasco*, 834 F. 2d at 73). Typically, monetary sanctions, such as the imposition of attorney's fees and costs, are imposed. *Courtney v. Ivanov*, 2014 U.S. Dist. LEXIS 68214, *11 (W.D. Pa. May 19, 2014); *Conference Archives, Inc. v. Sound Images, Inc.*, 2007 U.S. Dist. LEXIS 19604, *4 (W.D. Pa. Mar. 20, 2007); *Jackson v. Delaware Cnty.*, 211 F.R.D. 282, 285 (E.D. Pa. 2002).

In this case, due to the facts that Defendants' conduct was not culpable, and Defendants promptly moves this Court to set aside default, monetary sanctions are not necessary. However, similar to *Courtney*, this Court can require Defendants to file answer within ten (10) days of the order to grant Defendants' motion to set aside default.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion to set aside the entry of default.

Respectfully submitted:

Dated: 09/08/2020

/s/ Tianyu Ju
Tianyu Ju, Esq.

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this September 9, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, along with the attached Declarations and Exhibits 1-3, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Respectfully Submitted:

Date: 09/09/2020                                   /s/ Tianyu Ju

Tianyu Ju, Esq.

**Glacier Law PLLC**
745 5th Ave., Ste 500
NEW YORK, NY 10015

*Attorney for Defendants*